IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MEGAN KING,<br><br>    Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 1:23-cv-443 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Megan King, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under ERISA employee benefit plans, from Defendant's failure to follow reasonable claims procedures by refusing to make a timely decision on Plaintiff's claim for LTD benefits, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plans constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. This matter is now properly before the Court because Plaintiff's long term disability claim ("LTD Claim") is deemed denied without the exercise of discretion due to

1

Defendant's failure to strictly adhere to Department of Labor's ERISA Claims Procedure Regulations. *See* 29 C.F.R. § 2560.503-1(l).

3. Venue is proper within the Northern District of Indiana pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Megan King, (hereinafter "Plaintiff"), is a resident of Allen County, Indiana.

5. Defendant Reliance Standard Life Insurance Company (hereinafter "Reliance Standard"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through its registered agent CT Corporation System at 334 N. Senate Avenue, Indianapolis, IN 46204-1708..

6. Upon information and belief, Defendant Reliance Standard is the party obligated to determine eligibility for and pay benefits under Group Long Term Disability Policy No. LTD 123735, issued by Reliance Standard to Medtronic. ("LTD Policy"). A copy of the LTD Policy is attached hereto as Exhibit A

## FACTS

7. Plaintiff was employed by Medtronic as a Senior Case Specialist.

8. By virtue of her employment, Plaintiff was enrolled in Medtronic's Long Term Disability Plan (the "LTD Plan").

9. Upon information and belief, long term disability benefits under the LTD Plan are insured by Reliance Standard under Group Long Term Disability Policy No. LTD 123735, issued by Reliance Standard to Medtronic. *See* Exhibit A.

10. Plaintiff is, and at all relevant times was, a participant or beneficiary of the LTD Plan.

11. Plaintiff became disabled and unable to perform the material duties of any occupation, including her own, in August 2018 because physical and cognitive impairments stemming from her panhypopituitarism, multiple hormonal deficits and imbalances, status-post resection of a pituitary macroadenoma, residual sequalae of the pituitary macradenoma, chronic fatigue, and chronic pain.

12. Plaintiff has been and continues to be disabled because of her physical conditions as defined by the provisions of the LTD Plan and LTD Policy.

13. Plaintiff filed a timely application for LTD benefits under the Plan.

14. Reliance Standard approved Plaintiff's claim for LTD benefits and paid her until August 17, 2023.

15. By letter dated September 23, 2022, Reliance Standard denied Ms. King's eligibility for continuing LTD benefits based on a determination that Ms. King's physical conditions were no longer disabiling.

16. In that letter, Reliance Standard also determined that Ms. King's behavioral health conditions were disabling and awarded her disability benefits on that basis through August 17, 2023; the end-date of the 12-month maximum benefit period applicable to mental and nervous disabilities.

17. Ms. King submitted a timely appeal to Reliance Standard by letter dated July 28, 2023, and submitted additional evidence showing her physical conditions continued to disable her from any occupation, including her own.

18.     On appeal, Plaintiff submitted updated medical and vocational evidence showing how Ms. King's physical conditions render her totally disabled from any occupation, which included treatment notes and medical opinion forms identifying specific restrictions and limitations caused by her physical conditions.

19.     As an ERISA fiduciary, Reliance Standard had until September 11, 2023—forty-five (45) days from July 28, 2023—to render a decision on Plaintiff's appeal or provide Plaintiff with written notice of special circumstances necessitating an extension of time to finish its review.

20.     Reliance Standard did not make a decision or notify Plaintiff that it needed additional time to render a decision by or before September 11, 2023.

21.     Plaintiff informed Reliance Standard by letter dated September 14, 2023, that Reliance Standard failed to make a timely decision and explained how that failure violated Reliance Standard's duty to maintain reasonable claims procedures under 29 C.F.R. § 2560.503-1(f)(3).

22.     Plaintiff also confirmed that Reliance Standard's violation meant that her claim was deemed exhausted on review and that if Reliance Standard did not approve her claim within 10 days she would pursue judicial intervention.

23.     Finally, Plaintiff asked Reliance Standard to notify her in writing if it believed her administrative remedies were not exhausted or if there was a good cause basis for its failure to make a timely decision.

24.     By letter postmarked September 15, 2023, Reliance Standard notified Plaintiff that it needed additional time to complete its review but did not identify the special circumstance

4

requiring the need for additional time. *See* copy of Reliance Standard's September 15, 2023 letter attached hereto as <u>Exhibit B.</u>

25. To date—over eighty (80) days after Plaintiff timely appealed Reliance Standard's claim denial—Reliance Standard has not sent any additional correspondence or made a decision on Plaintiff's appeal.

26. Under 29 C.F.R. § 2560.503-1(f)(3), Reliance Standard was required to notify Plaintiff of an adverse benefit determination or provide written notice of an extension indicating the special circumstances requiring an extension of time prior to "the expiration of the initial 45-day period" *See* 29 C.F.R. § 2560.503-1(f)(1)(i) & (3).

27. Defendant's September 15, 2023, letter was not provided to Plaintiff prior to the expiration of the initial 45-day period nor did it identify the special circumstances requiring an extension.

28. As a result, Reliance Standard has failed to provide a reasonable claims procedure that would yield a timely decision on the merits of the claim.

29. 29 C.F.R. § 2560.503-1(l) states that an ERISA administrator's failure to strictly adhere to all requirements of the regulation with respect to a claim will result in the claimant being deemed denied without the exercise of discretion. *See* 29 C.F.R. § 2560.503-1 (1)-(2).

30. Accordingly, under 29 C.F.R. § 2560.503-1 (1)-(2), Plaintiff pursues her available remedies under § 502(a) of the ERISA on the basis that Reliance Standard has failed to provide a reasonable claims procedure that would yield a timely decision on the merits of the claim.

31. Plaintiff's administrative remedies under the Plan were deemed exhausted without the exercise of discretion as a result of Reliance Standard's violations of 29 C.F.R..§ 2560.503-1 as outlined above.

32. Reliance Standard would pay any benefits due out of its own funds.

33. Reliance Standard owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

34. Reliance Standard was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

35. Reliance Standard allowed its concern over its own funds to influence its decision-making.

36. Reliance Standard breached its fiduciary duties to Plaintiff, including the duty of loyalty.

<strong><u>FIRST CAUSE OF ACTION</u></strong><br><strong><u>FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)</u></strong>

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

37. Under the terms of the LTD Plan, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan

38. Plaintiff is disabled and entitled to benefits under the terms of the LTD Plan.

39. Defendant failed to provide benefits due under the terms of the LTD Plan, and these failures constitute breaches of the LTD Plan.

40. The decision to deny LTD benefits was wrong under the terms of the LTD Plan.

41. The decision to deny LTD benefits and the decision-making processes employed by Defendant were arbitrary and capricious.

42. Defendant's failure to make a timely decision on Plaintiff's LTD Claim despite possessing all information since July 28, 2023, was arbitrary and capricious.

43. The decision to deny benefits and the failure to make a timely decision were influenced by the Defendant's financial conflict of interest.

44. The decision to deny benefits is not supported by substantial evidence in the record.

45. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability or provide a reasonable claims procedure, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

46. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability or provide a reasonable claims procedure, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the LTD disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing disability benefits in the future so long as Plaintiff remains disabled under the terms of the LTD Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5.  Plaintiff's reasonable attorney fees and costs; and

6.  Such other relief as this court deems just and proper.

Dated this 19th day of October, 2023.

                                        Respectfully submitted,

                                        ERIC BUCHANAN & ASSOCIATES, PLLC

BY:   */s/ Noah A. Breazeale*
          Noah A. Breazeale*
          414 McCallie Avenue
          Chattanooga, TN 37402
          (423) 634-2506
          FAX: (423) 634-2505
          nbreazeale@buchanandisability.com
          **Pro Hac Vice Application to follow*

8